UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

ROGER J. OTTOMAN,

           Debtor.
_____/

Case No. 24-45025

Chapter 12

Judge Thomas J. Tucker

ROGER J. OTTOMAN,

           Plaintiff,

vs.

THOMAS LEE WALKLEY, et al.,

           Defendants.
_____/

Adv. No. 24-4421

**OPINION REGARDING ABSTENTION AND DISMISSAL**

**I. Introduction**

      This adversary proceeding was filed by the Chapter 12 bankruptcy Debtor, Roger Ottoman, on November 19, 2024. The Debtor's complaint (Docket # 1) is entitled "Complaint to Determine Priority of Liens and Interests," and names seven defendants, including American Mortgage Fund I, LLC ("AMF"). The complaint purports to seek a determination of "the priority of liens and interests on the property located at 12745 Waterloo Road, Chelsea, MI 48118 (the 'Property')," and asks this Court to "determine the relative priority of" the Defendants' interests in the Property.[1] To date, none of the Defendants have filed any sort of response to the complaint.

      Meanwhile, much has just happened in the Debtor's bankruptcy case, Case No. 24-45025,

---

[1] Compl. (Docket # 1) at ¶¶ 3, 6.

that is relevant to this adversary proceeding. Among other things, the Court filed a written opinion today regarding the motion for relief from stay filed by AMF (Docket # 127 in Case No. 24-45025, the "Stay Relief Opinion"), and the Court entered an order granting relief from stay (Docket # 128 in Case No. 24-45025, the "Stay Relief Order"). The Court incorporates the Stay Relief Opinion and the Stay Relief Order into this Opinion, for reference.

Based on its rulings and action in the Stay Relief Opinion and the Stay Relief Order, the Court concludes that in the exercise of its discretion, it should abstain from deciding this adversary proceeding on the merits, in favor of the state courts of Michigan, based on the permissive abstention provision of 28 U.S.C. § 1334(c)(1). Based on that statute, and also based on 11 U.S.C. § 105(a), the Court *sua sponte* will abstain,[2] and will dismiss this adversary proceeding without prejudice.

## II. Background: the Stay Relief Opinion and the Stay Relief Order

For the reasons stated by the Court in the Stay Relief Opinion, the Court has granted relief from stay in the Stay Relief Order, permitting all parties to continue their litigation in two

---

[2] Under 28 U.S.C. § 1334(c)(1), bankruptcy courts may permissively abstain "upon request of a party or *sua sponte*." *Carver v. Carver*, 954 F.2d 1573, 1579 (11th Cir. 1992). While the Court is abstaining *sua sponte*, the Court's abstention decision is based on the Court's opinion and order entered today on AMF's motion for relief from stay, issued after that motion had been extensively briefed and argued by the parties concerned. As indicated by this Opinion, below, the stay relief the Court has granted today in the main bankruptcy case basically makes it inevitable that the Court will abstain in the adversary proceeding. That is because the essence of the Court's stay relief decision is that the Debtor, AMF, and the other parties may and must continue their litigation in state court, where it has been since well before the Debtor filed his bankruptcy case. The Debtor and the other parties involved had an extensive opportunity to be heard on that issue before the Court issued its stay relief decision today. For these reasons, it is fair to all parties for the Court to abstain in this adversary proceeding now on the Court's own motion, without delay. Any further delay in the Court's abstaining would only cost the parties unnecessary time and expense, could needlessly delay the resumption of the litigation in the state court, and could improperly delay the ultimate resolution of that state court litigation.

state court cases, referred to as the Foreclosure Case and the Quiet Title Action.[3] In pertinent part, the Stay Relief Order, which is effective immediately, states:

> IT IS FURTHER ORDERED that the automatic stay under 11 U.S.C. § 362(a) is lifted under 11 U.S.C. § 362(d)(2) to allow AMF to proceed with its foreclosure sale of the Debtor's property located at 12745 Waterloo Road, Chelsea, Michigan.
>
> IT IS FURTHER ORDERED that the automatic stay under 11 U.S.C. § 362(a) is lifted under 11 U.S.C. § 362(d)(1) to allow the Debtor Roger Ottoman, Marcia Ottoman, Thomas Walkley, and AMF to continue litigating in state court in the Foreclosure Case and in the Quiet Title Action, including any seeking in state court of a stay pending appeal of the Foreclosure Judgment, and including prosecuting and defending to conclusion all appeals filed or to be filed from any orders or judgments entered in the Foreclosure Case and in the Quiet Title Action.[4]

In the Stay Relief Opinion, this Court held that this Court and the parties, including the Debtor, his spouse Marcia Ottoman, and creditor Thomas Walkley, among others, are bound by the Foreclosure Judgment entered by the state court in the Foreclosure Case, and by the Quiet Title Judgment entered by the state court in the Quiet Title Action, under principles of collateral estoppel.[5] And, the Court held, this is so even though the Debtor, Marcia Ottoman, and Thomas Walkley have appealed those state court judgments to the Michigan Court of Appeals.[6]

As the Court explained in its Stay Relief Opinion, in entering the Foreclosure Judgment and the Quiet Title Judgment, the state court has already determined a great deal about the very

---

[3] Capitalized terms used but not defined in this Opinion have the meanings given to them in the Stay Relief Opinion.

[4] Stay Relief Order (Docket # 128 in Case No. 24-45025) at 1-2.

[5] *See* Stay Relief Opinion (Docket # 127 in Case No. 24-45025) at 8-9.

[6] *Id.* at 9.

3

issues the Debtor now asks this Court to determine in this adversary proceeding — namely, the priority of liens and interests in the Debtor's property located at 12745 Waterloo Road, Chelsea, Michigan (the "Property").  And to the extent further litigation of those issues is to occur, it should occur in the Michigan state courts, not in this bankruptcy court.

In the Quiet Title Judgment, the state court determined, among other things, that:

- Roger Ottoman owns the Property;

- Roger Ottoman's ownership is subject to the mortgage recorded on July 25, 2018, which is held by AMF;

- AMF's mortgage "is a valid equitable first mortgage against the Property;" [and]

- "no other party has an interest in the Property[.]"[7]

The Stay Relief Opinion noted the following about the state court Foreclosure Judgment:

> That judgment established the amount of AMF's claim secured by the AMF's lien as $1,241,272.89 as of March 31, 2024, which included "interest, fees, and attorney's fees" that had accrued as of March 31, 2024, and stated that "[i]nterest, fees, and other amounts due under the Promissory Note or Mortgage will continue to accrue until the amount due has been paid in full."
>
> The Foreclosure Judgment further confirmed that AMF's mortgage lien has priority over any mortgage lien claimed by Thomas Walkley.[8]

And as this Court's Stay Relief Opinion stated,

> The Foreclosure Judgment determined that AMF was entitled to foreclose on its mortgage against the Property, and scheduled a Sheriff's foreclosure sale, to be held on May 16, 2024 unless the Debtor paid the amount the court found then to be due and secured

---

[7] *Id.* at 6 (footnote omitted).

[8] *Id.* at 6-7 (footnote omitted).

by AMF's mortgage, which it quantified as $1,241,272.89, as of March 31, 2024. The foreclosure sale apparently was adjourned until May 23, 2024, and then it was stayed by the automatic stay when the Debtor filed this bankruptcy case on May 21, 2024.[9]

And, this Court stated,

> Together, the Quiet Title Judgment and the Foreclosure Judgment clearly establish that AMF has a first priority lien on the Property (after any real estate tax liens), securing a debt in the amount of $1,241,272.89 plus interest and attorney fees accruing after March 31, 2024. Those two state court judgments, each of which states at the end that it is a "final order," are binding on this Court and on the parties, including the Debtor, Marcia Ottoman, and Thomas Walkley, under the doctrine of collateral estoppel. "'Collateral estoppel . . . prevents a party from relitigating issues of fact or law which were necessarily decided by a previous final judgment.'"[10]

**III. Discussion: permissive abstention clearly is appropriate**.

As the parties are aware, this Court recently discussed permissive abstention under 28 U.S.C. § 1334(c)(1) in another adversary proceeding related to this bankruptcy case, *Washtenaw County, Michigan v. Walkley* (*In re Ottoman*), __ B.R. __, No. 24-43602024 WL 4729531 (Bankr. E.D. Mich. Nov. 8, 2024). The Court reiterates the following discussion from that previous opinion:

> [28 U.S.C. §] 1334(c)(1) governs permissive abstention, and states:
>
>> Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or

---

[9] *Id.* at 2.

[10] *Id.* at 8 (citation omitted).

5

> related to a case under title 11.
>
> 28 U.S.C. § 1334(c)(1).
>
> . . . .
>
> > As is clear from its wording, § 1334(c)(1) permits this Court to abstain from hearing a proceeding over which the Court has subject matter jurisdiction, based on any one or more of the following grounds: (1) "in the interest of justice;" or (2) "in the interest of comity with State courts;" or (3) "in the interest of . . . respect for State law."
>
> *Hoffmann v. Ondrajka* (*In re Ondrajka*), 657 B.R. 217, 227 (Bankr. E.D. Mich. 2024) (quoting *Palltronics, Inc. v. PALIoT Solutions, Inc.* (*In re Lightning Techs., Inc.*), 647 B.R. 76, 99-100 (Bankr. E.D. Mich. 2022)). Unlike mandatory abstention, permissive abstention could be done even if the Plaintiffs' claims were core. In considering whether to abstain, courts consider a "non-exclusive list of 13 factors:"
>
> > The decision to abstain or not is aided by an analysis of all relevant factors, including a non-exclusive list of thirteen (13) decisional criteria set forth . . . in *Nationwide Roofing & Sheet Metal, Inc. v. Cincinnati Ins. Co.* (*In re Nationwide Roofing & Sheet Metal, Inc.*), 130 B.R. 768 (Bankr.S.D.Ohio 1991). Specifically, the following factors were identified: 1) the effect or lack of effect on the efficient administration of the estate if a court abstains; 2) the extent to which state law issues predominate over bankruptcy issues; 3) the difficulty or unsettled nature of the applicable state law; 4) the presence of a related proceeding commenced in state court or other non-bankruptcy court; 5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334; 6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; 7) the substance rather than form of an asserted "core" proceeding; 8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

> > 9) the burden of this court's docket; 10) the
> > likelihood that the commencement of the
> > proceeding in bankruptcy court involves forum
> > shopping by one of the parties; 11) the existence of
> > a right to a jury trial; 12) the presence in the
> > proceeding of nondebtor parties; and, 13) any
> > unusual or other significant factors. *Nationwide*,
> > 130 B.R. at 780 (citations omitted).
> >
> > This non-exclusive list does not require a
> > mechanical application of each factor, but provides
> > a starting point for a permissive abstention analysis.
>
> *Hoffmann v. Ondrajka*, 657 B.R. at 227-28 (quoting *Palltronics,
> Inc. v. PALIoT Solutions, Inc.*, 647 B.R. at 101 (quoting *Brothers v.
> Tremaine* (*In re Tremaine*), 188 B.R. 380, 384–85 (Bankr. S.D.
> Ohio 1995)).

*Ottoman*, 2024 WL 4729531, at *5, 8-9.

The Court has considered all of the relevant circumstances and factors, and finds that they weigh heavily in favor of this Court exercising its discretion to abstain, "in the interest of justice;" "in the interest of comity with" the Washtenaw County, Michigan Circuit Court and the Michigan Court of Appeals; and "in the interest of . . . respect for" Michigan law. Of the 13 factors listed above, factor nos. 1, 2, 3, 4, 5, 9, 10, and 12 all weigh in favor of abstention, and the other factors (nos. 6, 7, 8, and 11) do not weigh against abstention. Abstention is appropriate based on the numbered factors, and especially so based on the following considerations.

- The issues in this adversary proceeding already have been the subject of lengthy and extensive litigation in the Washtenaw County, Michigan Circuit Court that occurred before the Debtor filed his bankruptcy case, including the Quiet Title Action and the Foreclosure Case, and now, because of this Court's Stay Relief Order, that litigation can and will continue in the Michigan Court of Appeals.

- The applicable law involved in the merits of this adversary proceeding is purely Michigan law, and does not involve any bankruptcy law or bankruptcy-related issues.

- Many, if not all, of the key issues raised by the Debtor's complaint in this adversary proceeding already have been decided by the Washtenaw County, Michigan Circuit Court, in the Quiet Title Judgment and in the Foreclosure Judgment, subject only to what may happen in the appeals from those judgments filed by the Debtor, Marcia Ottoman, and Thomas Walkley. It is appropriate that the Michigan Court of Appeals decide such appeals, without any interference by this Court.

- The applicable state law involved may be somewhat difficult and complex, based on the arguments that Marcia Ottoman and Thomas Walkley made in their briefing and in Marcia Ottoman's oral argument regarding AMF's stay relief motion.

- But for the filing of the Debtor's bankruptcy case, this Court would not have jurisdiction over the claim(s) in this adversary proceeding. There is no non-bankruptcy-related federal jurisdictional basis for this adversary proceeding.

- The filing of this adversary proceeding is an obvious instance of forum shopping by the bankruptcy Debtor Roger Ottoman, which this Court should not allow. And having lost on the merits on the key issues in the state court before he filed bankruptcy, the Debtor now seeks impermissibly to relitigate the issues in this Court, something that this Court cannot and should not allow.

- None of the seven Defendants in this adversary proceeding is a debtor in bankruptcy.

- Under all the circumstances, the parties litigating the merits of the claim(s) in this adversary proceeding, rather than in the state court, would pose an unnecessary and unjustified burden on this Court's docket.

For these reasons, the Court will exercise its discretion to abstain on permissive abstention grounds.[11]

## IV. Conclusion

For the reasons stated in this Opinion, the Court will enter an order (1) abstaining from hearing this adversary proceeding, on permissive abstention grounds; and (2) dismissing this adversary proceeding, without prejudice.

---

[11] In addition, the Court reiterates and adopts, by reference, what it said in Part III.C.1 of its opinion in *Ottoman*, 2024 WL 4729531, at *10-13.

**Signed on December 6, 2024**  **/s/ Thomas J. Tucker**

**Thomas J. Tucker**
**United States Bankruptcy Judge**

9